IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JOHN AMOS CARTER,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL CORPORATION D/B/A LINCOLN FINANCIAL GROUP; LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | Civil Action No. 3:20-cv-219 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, John Amos Carter, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2) because that is the where the Plan was administered.

**PARTIES**

4. Plaintiff, John Amos Carter, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Jefferson County, Tennessee.

5. Defendant Lincoln National Corporation (hereinafter "Lincoln Financial") is a company that provides insurance products and services through several operating subsidiaries and is authorized to transact the business of insurance in this State, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

6. Upon information and belief, Liberty Life Assurance Company of Boston (hereinafter "Liberty"), is one of the subsidiaries through which Defendant Lincoln Financial provides insurance products and services and, as a subsidiary of Lincoln Financial, is authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

7. Defendant Lincoln Financial is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. GF3-850-288203-01, issued by Defendant Liberty to Duke Energy Corporation.

**FACTS**

8. Plaintiff was employed by the Duke Energy Corporation as an Engineering Technologist for approximately 30 years.

9. Duke Energy Corporation offers group long-term disability insurance as an employee benefit pusuant to the LTD Plan.

10. Plaintiff is a participant of the LTD Plan.

11. Benefits under the LTD Plan are insured by Group Policy No. GF3-850-288203-01, issued by Defendant Lincoln Financial f/k/a Liberty Life Assurance Company of Boston to Duke Energy Corporation.

12. Plaintiff ceased work due to disability on July 11, 2016, while covered under the Plan.

13. Plaintiff's disability results from degenerative post-traumatic arthritis in both ankles, status-post ankle arthroplasty, peripheral neuropathy and carpal tunnel syndrome.

14. Due to his degenerative condition and substantial surgical history, Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

15. Plaintiff filed an application for LTD benefits under the Plan.

16. By letter dated December 23, 2016, Defendant Lincoln Financial approved Plaintiff's LTD claim and awarded him monthly benefits commencing on January 10 ,2017.

17. Thereafter, Plaintiff received LTD benefits for the period between January 10, 2017 through February 1, 2019.

18. Concurrently, Plaintiff applied for Social Security Disability Benefits and was approved based on a finding by the Social Security Administration that he is disabled from performing any occupation as of July 11, 2016.

19. By letter dated February 1, 2019, Lincoln Financial terminated Plaintiff's LTD claim relying exclusively on the opinions of its own file-reviewing physicians and its own in-house vocational specialist.

20. Plaintiff thereafter appealed by letter dated July 22, 2019.

21. Along with the appeal, Plaintiff submitted additional evidence in support of his claim including a functional capacity examination as well as supportive opinion forms and a sworn statement from his treating physicians; all of this additional evidence consistently showed that Plaintiff was and remains unable to perform in any gainful occupation.

22. By letter dated October 22, 2019, Lincoln Financial informed Plaintiff that it was upholding its initial decision and stated that its decision was final.

23. Plaintiff has exhausted his administrative remedies under the plan.

24. The applicable plan does not appropriately confer discretion on Lincoln Financial and therefore the claim decision will be reviewed under the *de novo* standard of review.

25. Lincoln Financial would pay any benefits due out of its own funds.

26. Lincoln Financial owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

27. Lincoln Financial was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

28. Lincoln Financial allowed its concern over its own funds to influence its decision-making.

29. Lincoln Financial breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

30. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled under the terms of the Plan.

31. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

32. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

33. The decisions to deny benefits were wrong under the terms of the Plan.

34. The decisions to deny benefits and decision-making processes were also arbitrary and capricious.

35. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

36. The decisions to deny benefits were not supported by substantial evidence in the record.

37. The decisions to deny benefits were not premised on a full and fair review of all the evidence submitted and generated during the course of Plaintiff's claim.

38. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

39. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 21st day of May, 2020.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: *[/s Hudson T. Ellis](#)*
Hudson T. Ellis (Tenn. Bar #028330)
Noah Breazeale (Tenn. Bar #037152)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
ellish@buchanandisability.com
nbreazeale@buchanandisability.com