**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN AMOS CARTER,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:20-cv-000219 |
| | ) | |
| v. | ) | District Judge Travis R. McDonough |
| | ) | Magistrate Judge Debra C. Poplin |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON; LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Lincoln Life Assurance Company of Boston, formerly known as Liberty Life Assurance Company of Boston (collectively "Lincoln"),[1] files this Answer to Plaintiff's Amended Complaint (the "Complaint"), filed by Plaintiff, John Amos Carter, and states as follows:

Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the Duke Energy Corporation Long Term Disability Plan (the "LTD Plan"), which is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA and all remaining allegations contained in the introductory Paragraph of the Complaint.

## JURISDICTION AND VENUE

1. Lincoln admits that Plaintiff's claims are governed by ERISA and that the benefit plan at issue in this action is an "employee welfare benefits plan" as defined by ERISA, but

[1] Improperly named in the Complaint (and shown on the Court's Docket) as two separate entities/parties. The name of the entity "Liberty Life Assurance Company of Boston" was changed to "Lincoln Life Assurance Company of Boston." Accordingly, the two named Defendants in this suit are a single entity, and "Lincoln Life Assurance Company of Boston" is the correct name of the Defendant in this action.

Lincoln denies that Plaintiff is entitled to any such relief. Lincoln admits this Court has subject matter jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

**PARTIES**

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits it is a New Hampshire Corporation that is lawfully authorized to do business in Tennessee, and that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that it issued Group Disability Income Policy No. GF3-850-288203-01 (the "Policy") to Duke Energy Corporation ("Duke"), which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits it is a New Hampshire Corporation that is lawfully authorized to do business in Tennessee, and that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that Liberty Life Assurance Company of Boston was acquired by Lincoln National Corporation. Lincoln admits that Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, and that it issued the Policy to Duke, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Liberty Life Assurance Company of Boston was acquired by Lincoln National Corporation. Lincoln admits that Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the proper party to this action. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy and that it issued the Policy to Duke, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

## FACTS

10. Lincoln admits that Plaintiff was, at certain times, employed by Duke as an Engineering Technologist III. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.



Case 3:20-cv-00219-TRM-DCP Document 13 Filed 07/09/20 Page 3 of 10 PageID #: 42

11. Lincoln admits that Duke sponsored the LTD Plan to provide long term disability benefits to certain of its employees and that the Policy issued by Lincoln to Duke, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff was, at certain times, employed by Duke and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff's last day of work at Duke was on or about July 11, 2016. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 14 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to

the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits it sent a letter dated Decembers 23, 2016, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter dated February 1, 2019, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits Plaintiff's counsel submitted an appeal of the denial of further benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits Plaintiff's counsel submitted an appeal of the denial of further benefits from the LTD Plan under the Policy, along with additional documentation. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits it sent a letter dated October 24, 2019, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that it issued the Policy to Duke, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 27 of the Complaint.



Case 3:20-cv-00219-TRM-DCP Document 13 Filed 07/09/20 Page 6 of 10 PageID #: 45

28. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and that it issued the Policy to Duke, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

**FIRST CAUSE OF ACTION**
**FOR LAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(A)(1)(b)**

Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 30 of the Complaint as though fully set forth in response to the FIRST CAUSE OF ACTION section of the Complaint.

31. To the extent that the allegations contained in Paragraph 31 seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln denies the allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies the allegations contained in Paragraph 34 of the Complaint.

35. Lincoln denies the allegations contained in Paragraph 35 of the Complaint.

36. Lincoln denies the allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln denies the allegations contained in Paragraph 38 of the Complaint.

39. Lincoln denies the allegations contained in Paragraph 39 of the Complaint.

40. Lincoln denies the allegations contained in Paragraph 40 of the Complaint.

Lincoln denies the allegations contained in the WHEREFORE paragraph of the Complaint, and paragraphs 1 through 6 thereunder, and denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claim for breach of fiduciary duty against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under ERISA.

3. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

4. Lincoln denies that it is liable for a claim against the Plan for which neither the LTD Plan nor Duke acquired insurance.

5. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

6. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the LTD Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

7. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

8. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

9. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 9th day of July 2020.


**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the **9th day of July 2020**, a true and correct copy of the foregoing **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

Hudson T. Ellis, Esq.
e-mail: ellish@buchanandisability.com

Noah Breazeale, Esq.
e-mail: nbreazeale@buchanandisability.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers